IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| SOILO URIAS #1189938 | § | |
| v. | § | CIVIL ACTION NO. 5:11cv142 |
| WARDEN DAWN GROUNDS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Soilo Urias, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil action complaining of alleged violations of his rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his original complaint, Urias stated that he is bringing a claim of "negligence per se" for violating his constitutional rights.  He said that Warden Grounds, the sole named defendant, is violating various provisions of the Texas Penal Code, making her liable.

Urias complained that Warden Grounds called a "unit shakedown" on July 6, 2011, which is a lockdown of the whole unit to search all inmates' persons and property.  During the lockdown, inmates were denied television privileges and restricted to their cells, denied outside recreation and commissary, and denied hot meals.  Urias contended that this amounted to "official oppression" and a denial of "enjoyments, privileges, and immunities."

After reviewing the complaint, the Magistrate Judge ordered Urias to file an amended complaint setting out a short and plain statement of his claims.  In his amended complaint, Urias again casts his complaint in terms of "negligence per se."  He claims that Warden Grounds is violating the Texas Penal Code, which he states "insures an inmate's enjoyments, privileges, and

1

immunities." He states that because he had committed no infractions at the time of the July 6 shakedown, he had no restrictions which would prohibit him from exercising the enjoyments, privileges, and immunities guaranteed to him by the Penal Code. He complained that Grounds failed to take "proper safety measures" to ensure that his rights are not violated and asserted that shakedowns can be conducted without suspending other privileges.

The Magistrate Judge observed that a number of Urias' claims simply mirrored those which he made in a prior lawsuit which he had filed, styled Urias v. Hudson, civil action no. 5:09cv146 (E.D.Tex., dismissed August 17, 2010, *aff'd* June 21, 2011). In that case, Urias complained about a May 2009 lockdown, asserting that a lockdown of the whole unit without probable cause violated the Fourth and Eighth Amendments. He stated that while on lockdown status, he could not have hot meals or go to the commissary or dayroom. Urias also complained that during the lockdown, inmates could not get outdoor exercise, had to undergo strip searches in the presence of female officers, and that the living areas and showers were not cleaned during the lockdown.

The Defendants in that lawsuit filed a motion for summary judgment, which was granted. The Court concluded that: the conducting of lockdowns was done pursuant to a legitimate governmental interest and Urias had failed to show that they were unlawful; inmates received reasonably adequate food during the lockdown; there was no constitutional right to outdoor recreation for convicted prisoners; there was no constitutional right for prisoners to be free from searches of their property; the mere presence of female guards during strip searches was not a constitutional violation where the presence of the officers is required to protect a legitimate governmental interest such as maintaining security, a condition which existed in the present case; the complaint about the condition of the showers was based upon *respondeat superior* liability and thus lacked merit, and Urias could not recover any damages for his claims of emotional distress. The Fifth Circuit affirmed the judgment of the district court dismissing Urias' claims with prejudice.

In the present case, the Magistrate Judge noted that Urias was complaining of a different lockdown, but the facts presented are essentially the same, albeit couched in terms of "negligence

per se" and "deprivation of enjoyment, privileges, and immunities" rather than as civil rights violations under 42 U.S.C. §1983.

Urias also complains of violations of the Texas Penal Code, but the Magistrate Judge concluded that the Penal Code does not create private causes of action, nor does it give rise to "enjoyments, privileges, and immunities" which may be enforced by a private party.  The Magistrate Judge also determined that Urias did not state a claim under the Privileges and Immunities Clause of the U.S. Constitution.

Although Urias argued that shakedowns could be conducted without imposing other restrictions, the Magistrate Judge stated that this did not make TDCJ policies and procedures regarding shakedowns unconstitutional.  The Court rejected his claim in the prior case that shakedowns and lockdowns were unconstitutional, and inmates have no protected liberty interests in commissary and recreation privileges, nor any constitutional right to receive hot meals.

The Magistrate Judge determined that Urias' claims concerning strip searches carried out in the presence of female guards lacked merit, that he failed to provide facts in support of his claims of unsanitary living conditions, that the TDCJ lockdown policy was not unconstitutional, and that Urias had failed to set out any claims against Warden Grounds, the sole named defendant. Accordingly, the Magistrate Judge recommended that the lawsuit be dismissed.

Urias filed objections to the Magistrate Judge's Report on November 30, 2011.  In his objections, Urias first takes issue with the characterization of his lawsuit as a civil rights action under 42 U.S.C. §1983, contending that it is a "tort action under state law."  He asks that the Court exercise its supplemental jurisdiction to hear his state law claims.

Urias argues that his case is one of "negligence per se," which he defines as "a common-law doctrine in which a duty is imposed based on a standard of conduct imposed by a penal statute rather than on the reasonably prudent standard used in ordinary negligence claims."  He asserts that the Magistrate Judge erred in concluding that he could not bring claims under the Texas Penal Code, arguing that his claim is one of negligence per se.

Next, Urias argues that his prior lawsuit is not relevant because he is suing the warden as an individual, not an official, and he is not challenging prison conditions but rather a personal violation, as the Texas Penal Code prevents Warden Grounds from abusing her position.  He concludes by posing five questions, of which the first three relate to whether negligence per se is the proper vehicle to bring his claim, the fourth concerns the conduct of the Magistrate Judge in recommending that the lawsuit be dismissed, and the fifth asks whether the Court will accept jurisdiction over his negligence claim.

Under Texas law, negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care.  However, the fact that the Texas Legislature enacts a criminal statute does not mean that the Texas courts will recognize a civil cause of action predicated on that statute.  In determining whether a penal statute provides the basis for a civil cause of action, the state courts consider whether recognizing such an accompanying civil action would be inconsistent with legislative intent.  Reeder v. Daniel, 61 S.W.3d 359, 361-62 (Tex.2001).

In Simmons v. Sosa, civil action no. 14-92-01322-CV, 1996 WL 707146 (Tex.App.-Houston [14th] writ denied, rehearing of writ of error overruled), the plaintiff Alton Simmons, a TDCJ inmate, filed a civil action against prison officials which claimed, *inter alia*, negligence per se based upon a violation of the Penal Code provision.  The Texas court of appeals stated that any infraction which the plaintiff may have for violations of his constitutional rights arose under 42 U.S.C. §1983, which is enforceable in Texas state courts as well as the federal courts, and stated that "where a cause of action is derived solely from a statute, the statutory provisions are mandatory and exclusive and must be complied with or the action is not maintainable."  Harris District Attorney's Office v. Burns, 825 S.W.2d 198, 200 (Tex.App.-Houston [14th Dist.] 1992, writ denied).  The Court of Appeals went on to explain that Texas law does not provide a common-law cause of action for statutory violations when there is an express and comprehensive statutory cause of action for such violation.  Johnson v. Sawyer, 47 F.3d 716, 729 (5th Cir. 1995).

In the present case, Urias has consistently maintained that his lawsuit was for "negligence per se" under Texas state law, as applied to claimed violations of the Texas Penal Code.  However, the Supreme Court has explained that many acts which may be actionable as violations of state tort law do not amount to constitutional violations.  Baker v. McCollan, 443 U.S. 137, 146 (1979).  Thus, state law claims, standing alone, do not provide federal jurisdiction.  Simi Inv. Co. Inc v. Harris County, Texas, 236 F.3d 240, 247 (5th Cir. 2000).  In order to state a claim which is cognizable in federal court, the plaintiff must allege "a violation of the Constitution or laws of the United States." James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); *see also* Hamilton v. Foti, 372 Fed.Appx. 480, 2010 WL 1286935 (5th Cir., March 30, 2010).

In relying on the Texas common-law doctrine of negligence per se, Urias has failed to set out a basis for federal jurisdiction.  He resisted the Magistrate Judge's efforts to construe his case as brought under 42 U.S.C. §1983.  Although Urias seeks to invoke the supplemental jurisdiction of the Court, such jurisdiction requires that the district court have original jurisdiction, as for example under §1983.  *See* 28 U.S.C. §1367.  Because Urias maintains that his claim is one of "negligence per se," he has failed to show any basis for original jurisdiction, and thus no basis for supplemental jurisdiction over his state-law claims.

Even were this Court to somehow acquire jurisdiction over Urias' claims of "negligence per se," he has not shown any merit to these claims.  The Court has located no case, in state or federal court, upholding claims of "negligence per se" as applied to the provisions of the Texas Penal Code which Urias cites.  On the contrary, in Simmons, the Fourteenth Judicial District Court of Appeals rejected such a claim, holding that the plaintiff-prisoner's claims arose under 42 U.S.C. §1983 and that this statute provided the exclusive vehicle for litigating these claims.  Nor has Urias shown that Warden Grounds was "negligent per se" or that he is otherwise entitled to recovery against her, whether under 42 U.S.C. §1983 or any other legal theory.  His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint and pleadings, the Report of the Magistrate Judge, the

Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.   Upon

such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and

that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate

Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice

as frivolous and for failure to state a claim upon which relief may be granted.  It is further

ORDERED that any and all motions which may be pending in this action are hereby

DENIED.   Finally, it is

ORDERED that the Clerk shall send a copy of this opinion to the Administrator of the Strikes

List for the Eastern District of Texas.


**SIGNED this 14th day of December, 2011.**


_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE